Leonard GINTER *v.* STATE of Arkansas

CR 84-74                                    672 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered July 16, 1984

Petitioner, *pro se.*

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst Att'y. Gen., for respondent.

PER CURIAM. The petition for Writs of Certiorari and Mandamus is denied.

PURTLE and HOLLINGSWORTH, JJ., would grant.

JOHN I. PURTLE, Justice, dissenting. The petitioner has been in custody in a county jail since June 3, 1983. He has filed several motions to set bond for his release. He has also filed in this court petitions for certiorari, habeas corpus, to recuse the judge, to change venue, and to be released on bond or to have the charges dismissed for failure to comply with our speedy trial requirements. I reiterate the matters expressed in my dissent of June 4, 1984. However, I was in error when I said that the petitioner paid $2,800 for a court reporter's transcript consisting of 250 pages. The transcript, which has not yet been verified, contains 1,150 pages.

We granted certiorari on June 4. The partial record which we have received leaves much to be desired. For example, numerous subpoenas have been included in the record. Also, most of the pleadings in a Federal District Court case have been included in the record. Many duplications have occurred. Much of this material is not relevant and only serves to waste time and money. We do not have a copy of the docket entries which frequently are important as they are in this case. The record does reveal that petitioner has filed at least two motions for continuance. One sought an indefinite continuance. The record indicates the trial court held at least two hearings on the issue of

whether petitioner was entitled to bail. The court has continued to hold him without bond.

It is most difficult for a prisoner to represent himself while confined to the county jail. Petitioner has obviously attempted to do everything within his power to protect his rights. Perhaps it would have been wiser had he chosen to allow one of the lawyers to represent him in all proceedings. However, he has a constitutional right to represent himself. If we adhered to A.R.Cr.P. Rule 28.1(a) the petitioner was entitled to be released upon his own recognizance after being in jail nine months, excluding only such periods of necessary delay as are authorized by Rule 28.3. He has been in jail well over a year. We do not know whether he is being held in violation of this rule. The presumption is that he should be released. I realize he may bring the speedy trial issue before this court on appeal of his conviction if he has properly preserved the point. When a person has been held in prison for a time in excess of that authorized by law we should take extra precautions to see that the person detained has been afforded his constitutional rights. In this case, there are many allegations that petitioner is being held illegally and it is obvious that he has been held beyond the time allowed by Rule 28.1(a). I would release the petitioner on his own recognizance until he is given a trial.

HOLLINGSWORTH, J., joins in this dissent.